**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ABDOUL NASSER SOUMANA,

        Petitioner,

v.                                  Case No. 3:26-cv-1314-WWB-MCR

UNITED STATES ATTORNEY
GENERAL, et al.,

        Respondents.
_____

## ORDER

Petitioner, a native and citizen of Niger, initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). On June 2, 2026, the Court dismissed the Petition without prejudice because Petitioner's claim that his detention is unlawful under the purviews of *Zadvydas v. Davis*, 533 U.S. 678 (2001), was not yet ripe. (Doc. 5). Judgment was entered the next day, June 3, 2026. (Doc. 6).

Before the Court is Petitioner's Motion for Reconsideration (Doc. 7), which the Court construes as a motion filed under Federal Rule of Civil Procedure 59(e). He asks that the Court reconsider its dismissal Order because as of the date of the Motion, his detention has now exceeded the removal period outlined in *Zadvydas.* (*See generally id.*).

Rule 59(e) affords the Court discretion to reconsider an order which it has entered. *See Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[] discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d

1335, 1343 (11th Cir. 2007) (quotations and citations omitted).  This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).  The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling without any manifest error of law or fact.  *Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).  Thus, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *see also O'Neal*, 958 F.2d at 1047.

Petitioner has not asserted viable grounds to warrant the Court's reconsideration of its June 2, 2026, Order dismissing this case without prejudice.  Rather, Petitioner simply disagrees with the Court's ruling, but not for any basis which might fall under Rule 59(e).  Also, and likely of more import, on or about June 16, 2026, Petitioner filed No. 3:26-cv-1538-WWB-LLL, in which he again raises a *Zadvydas* claim.  The Court issued an Order directing Respondents to respond to the petition in that case.  No. 3:26-cv-1538-WWB-LLL (Doc. 4).

It is **ORDERED** and **ADJUDGED:**

1. Petitioner's Motion for Reconsideration (Doc. 7), construed as a motion under Federal Rule of Civil Procedure 59(e), is **DENIED**.

2

2.  If Petitioner appeals the Court's denial of his Rule 59(e) Motion, the Court denies a certificate of appealability.[1]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk of Court** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, on June 25, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:    Abdoul Nasser Soumana, A088069549

---

[1] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

3